**William MILLER, Petitioner**
**vs.**
**CITY OF BOSTON, Respondent**

**No. 57849-A**

Land Court Department
Trial Court of the
Commonwealth of Massachusetts

**December 16, 1981**

**Pro Se,** counsel for petitioner.
**John Handrahan, Law Dept., City of Boston,** counsel for respondent.

### DECISION

William Miller brought this petition to vacate the final decree, in Tax Lien Case No. 57849 dated March 6, 1981, which ordered, adjudged and decreed that all rights of redemption are forever foreclosed and barred under the deed given by the collector of taxes for the City of Boston in the County of Suffolk and said Commonwealth, dated September 13, 1977, duly recorded in Book 9002, Page 565. Mr. Miller claims that he was the rightful owner of the property located at 592-598 Columbia Road on the date the decree was issued, that he did not receive notice of the proceedings, that the decree is a nullity and that the City of Boston has violated the petitioner's constitutional rights. The City asserts that it has followed all the statutory requirements and thus the decree is valid.

The case came on for hearing on respondent's motion to vacate before Judge Fenton on September 29, 1981. The judge, after discussion with the parties, suggested that the case be heard with a stenographer present to record and transcribe the testimony in the case and this course was followed.

The case was heard on October 16, 1981. Respondent Miller appeared **pro se** and was advised by Judge Randall that he

should get an attorney. He chose to proceed himself.

A stenographer was sworn to record and transcribe the testimony in the case. Eight exhibits were introduced into evidence and are incorporated herein for the purpose of any appeal.

On all the evidence the Court finds the following:

1. On September 13, 1977, by instrument dated the same date and recorded on October 31, 1977 in Book 9002, Page 565, the City of Boston took the land located at 592-598 Columbia Road, Dorchester and 786-788 Dudley Street, Boston (hereinafter locus) for non-payment of taxes. Pierce Associates Corporation, located at 592 Columbia Road, was named as the equity owner of the property.

2. On September 11, 1979 the City of Boston filed a petition to foreclose the tax lien, being Land Court Tax Lien Case No. 57849. Notice of this foreclosure petition was recorded on the same date in Suffolk County Registry of Deeds in Book 9252, Page 187.[1]

3. On October 9, 1979 the title examiner reported to the Court recommending notice be given to nine persons, namely Wentworth, Inc.; The Estates Corporation; Theodore Turchon; Patricia B. Norton; Rosemary A. Dwyer; Harold Lane, Trustee of the Constitution Trust; Peter Turchon, Jr., individually and as Trustee of the Constitution Trust; Pierce Associates Corporation; and Joan P. Stuart. A citation was issued and notice sent by registered mail to these parties on December 13, 1979, returnable January 28, 1980. Redemption answers were filed by all of the above named except for Pierce Associates Corporation and Joan P. Stuart, on January 28, 1980. A special notice was served on Pierce Associates Corporation and return made to the Court on May 20, 1980. Special notice was ordered on Joan P. Stuart but the notice was returned by the deputy sheriff unserved and service was then made by publication in the Boston Herald American, returnable October 27, 1980.

4. On November 5, 1979 respondent Miller paid the sum of $1800.00 to "Pierce Assoc.", received by one William J. Weeks (Exhibit 2) for the purchase of 598 Columbia Road, with papers to pass on December 3, 1980 at the office of Homes, Inc. and Peter Turchon, Jr. in Newton Corners, Massachusetts. On this same date a letter was either given to or sent to Miller signed by The Estates Corporation, being recited as being "agent for the holders of said mortgages" (Exhibit 6). In effect this letter set forth an agreement that provided for the assumption of the mortgage on locus recorded in Book 7982, Page 737 by Miller if he bought it, setting forth a provision for the further collection of certain rents until $5,000.00 had been received and providing that payment of $50,000.00 for principal plus interest at 5½% would be accepted as payment in full of the mortage note in or within five yars, face value of which on October 1, 1980 was some $65,708.60.

5. On November 24, 1980 the City of Boston filed a "Motion to Assign" the matter for trial together with an "Affidavit of Notice of Motions" reporting that notice was sent to "David Banash, Esq." the attorney representing the seven persons who had filed answers. This of course did not include respondent William Miller, nor should it have.

6. On December 3, 1980 Miller received a deed from Pierce Associates Corporation for the premises at 592-598 Columbia Road and 786-788 Dudley Street, Boston, reciting a condideration of $1.00 paid. Evidently, Miller paid another $5,000.00 to Peter Turchon, Jr. by note either dated November 5 or December 3, 1980, in addition to $1,8000.00 paid to the Reverend William J. Weeks, the President of Pierce Associates Corporation, although it is not

---

1. All references to Book and Page refer to instruments on record at the Suffolk County Registry of Deeds unless otherwise noted.

clear. The deed received on December 3, 1980 was not recorded until February 10, 1981 in Suffolk Deeds, Book 9674, Page 141. No provision was made for the payment of real estate taxes.

7. On December 4, 1980 the "Motion to Assign" - see paragraph 5 herein - was heard by Fenton, J. and the case set down for hearing on January 8, 1981.

8. On January 8, 1981 a finding in the amount of $101,296.79 and costs of $192.50 was made with redemption to be allowed on or before February 9, 1981. (Exhibit 8).

9. On February 19, 1981 a "Motion for Decree of Foreclosure" was allowed by Fenton, J., as the last possible date to redeem the property had passed and redemption had not been made.

10. On March 6, 1981 a final decree foreclosing any rights of redemption was allowed by Sullivan, J.

11. On September 21, 1981 William Miller brought a petition to vacate this final decree in said tax lien case. Mr. Miller alleges that he purchased the locus by deed dated December 3, 1980 and had received no notice of the tax foreclosure. This deed to Miller was not recorded until February 10, 1981 in Book 9674, Page 141.

The sole question to be decided is whether or not the final decree should be vacated because Mr. Miller, who purchased the property in December, 1980, some two years after the City of Boston took the land for non-payment of taxes, received no notice of the foreclosure sale. The answer of course is no.

Mr. Miller's claim that the final decree in this case should be vacated is totally groundless. The City did all that it was required to do by statute (See, G.L.c. 60, § 65 et seq.) to properly foreclose for non-payment of taxes. When the title search of 592 Columbia Road was done for the foreclosure up to the date of the recording of the notice of the filing of the tax lien case in the Land Court on September 11, 1979, Mr. Miller was not a record owner of the property. If Mr. Miller had searched the title before he purchased the property he would have discovered the City's tax lien on the property which was properly recorded and thus have avoided this unfortunate result. He had constructive notice and there is reason to believe he had actual notice of the tax liability to the City. In addition, no municipal lien certificate was obtained by Mr. Miller which would have given him notice. The argument he makes that taxes were to be paid out of rents received from a tenant under a contract made years before between Pierce Associates Corporation and various mortgagees (see Exhibit 7 for mention of this) has nothing to do with the present matter before this Court. Petitioner Miller's claims, if any, are not with the City of Boston and are not before this Court.[2]

The Court finds and rules that the City has followed all the steps required to foreclose taxpayers' rights to redemption.

A late request for time to file a brief was made by petitioner and he was notified on November 6, 1981 that all papers were to be filed on or before November 20, 1981. On this date the petitioner filed certain papers and the Court disposes of these, thus:

1. "Memorandum of Law in Support of Statement of Facts given October 16, 1981 Before the Honorable Chief Judge Randell (sic)" signed by petitioner has been read and considered by the Court in making its decision.
2. "Motion for Appearance of Counsil (sic)" signed be petitioner. No counsel has filed an appearance herein.
3. "Motion For Subpoena Deuce (sic) Tecum" signed by petitioner is not relevant to the petition to vacate.
4. "Motion For Return of Rents" signed by petitioner is not relevant to the petition to vacate.

2. The Court notes that William Miller admitted in open court that he was in no position to pay the sum of $101,296.79 plus costs and interest to this date.

156

5. "Motion For the City, State, Federal Investigator of the Herein Matter-Case" signed by petitioner has no relevancy to the matter in issue and the Court has no jurisdiction over such a proposed investigation.

6. "Motion For Injunction-Temporary Restraining Order" with attached newspaper clippings signed by petitioner does not state a claim over which this Court has any jurisdiction.

Decree Accordingly.

**William I. Randall, Chief Justice**